**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLIE B. WHITE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00031-MTS |
| ) | |
| CITY OF ST. LOUIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of St. Louis's Motion to Dismiss, in which the City asks the Court to dismiss Plaintiffs' *Monell*[1] claim against it. Doc. [9]; *see also* Fed. R. Civ. P. 12(b)(6). The Court has reviewed the Complaint in its entirety, Defendant's Memorandum in Support of its Motion, Plaintiffs' Response in Opposition, and Defendant's Reply thereto. While the Court firmly disagrees with part of the City's Motion, the Court nevertheless concludes that it must grant it. Contrary to the City's argument, the deplorably unsanitary conditions that Plaintiffs allege they faced in the St. Louis City Justice Center plausibly show a constitutional violation by City employees. *See Whitney v. City of St. Louis*, 887 F.3d 857, 861 (8th Cir. 2018) (explaining that "a constitutional violation by a city employee" is necessary to support "*Monell* liability for the City").[2] But the Court agrees that Plaintiffs' Complaint has

---

[1] *See Monell v. Dep't of Social Services of the City of N.Y.*, 436 U.S. 658 (1978).

[2] "[D]eplorably unsanitary" conditions of confinement violate the Eighth Amendment. *Taylor v. Riojas*, 592 U.S. 7, 8–9 (2020) (per curiam). The Fourteenth Amendment affords pretrial

failed to state a plausible claim for relief against the City itself because Plaintiffs have not alleged *facts* that support the existence of an unconstitutional policy or custom. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003) (explaining that to establish liability against a municipality a complaint must, "[a]t a minimum," provide factual allegations that "would support the existence of an unconstitutional policy or custom"); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

"Under *Monell*'s holding a municipal entity is liable under § 1983 only if a municipal 'policy or custom' caused a plaintiff to be deprived of a federal right." *Los Angeles County v. Humphries*, 562 U.S. 29, 32–33 (2010). But Plaintiffs' Complaint is almost entirely devoid of *facts* regarding an unconstitutional policy or custom. Instead of facts, Plaintiffs provide repeated conclusory allegations, sprinkling in buzzwords from every possible theory of municipal liability without even seeming to settle on a theory.[3] The few facts Plaintiffs do include that seemed aimed at establishing *Monell* liability do not plausibly support the existence an unconstitutional policy or custom by the City.

---

detainees at least as much protection as the Eighth Amendment provides to convicted prisoners. *Leonard v. St. Charles County*, 570 F. Supp. 3d 707, 722 (E.D. Mo. 2021), *aff'd*, 59 F.4th 355 (8th Cir. 2023). In addition, "[u]nder the Fourteenth Amendment, a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment." *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).

[3] "*Monell* does not come with a single theory for holding [a municipality] liable on a custom or policy." *Woodall v. Wayne County*, No. 20-1705, 2021 WL 5298537, at *6 (6th Cir. Nov. 15, 2021) (recognizing that different *Monell* theories have different elements); *accord Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 735 (9th Cir. 2025) ("We have repeatedly identified the methods for proving *Monell* liability as separate legal theories."). Rather, "[a] municipality can be liable for a constitutional violation under [*Monell*] in several ways." *Norton v. Town of Islip*, 678 F. App'x 17, 21 (2d Cir. 2017).

They cite to a St. Louis City Circuit Judge's order that required the City to allow attorneys easier access to their clients in the jail, but that order is in no way legally relevant to their *Monell* claim. And they cite an article from a local news source about reports of events that would strain to meet the stringent relatedness criteria. *See McGuire v. Cooper*, 952 F.3d 918, 923 (8th Cir. 2020) (explaining that to establish a pattern it "requires the other misconduct to 'be very similar to the conduct giving rise to liability'"). Even *if* these other events were sufficiently related, they occurred after Plaintiffs' alleged constitutional violations occurred and could not have given policy maker's notice.[4]

Too often plaintiffs seem to think that *Monell* liability can be established through a look-at-this-hodgepodge-of-bad-things-that-have-happened approach. "Simply alleging missteps by some municipal employees will not suffice." *Jones v. District of Columbia*, 715 F. App'x 1, 3 (D.C. Cir. 2018). For better or worse, that is not how municipal liability under *Monell* and its progeny works. *Cf. Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017) ("The Supreme Court has set a high bar for establishing municipal liability under § 1983, and demands careful analysis from district courts, to avoid any risk that liability could be imposed under a theory of respondeat

---

[4] Plaintiffs also reference another case filed in this Court against the City where it lost a motion for summary judgment seeking judgement in its favor on a *Monell* claim against it. Doc. [1] ¶ 18 (referencing *Jones v. City of St. Louis*, 4:21-cv-0600-HEA, ECF No. 383 (E.D. Mo. Mar. 31, 2024)). The fact that the City there evidently failed to show that there was no genuine dispute as to any material fact and that it was entitled to judgment as a matter of law in no way means Plaintiffs' Complaint here, in this case, pleads enough facts. The instant question for the Court is not the evidence in *Jones*; it is the factual allegations in Plaintiffs' Complaint. What is more, a review of the first amended complaint in that case reveals significantly more *factual* allegations than Plaintiffs plead here. *See Jones*, ECF No. 9.

superior."); *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024) ("Establishing municipal liability based on a *Monell* theory of liability is difficult.").

At the root of Plaintiffs' Complaint's *Monell* problem is that Plaintiffs plainly have not considered their theory (or theories) of *Monell* liability. The Court is not granting Defendant's Motion for this reason; a complaint's imperfect statement of the plaintiff's legal theory is not grounds for dismissal. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974) (explaining "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances").[5] But when a plaintiff asserting a *Monell* claim fails to have a theory or theories in mind, he often will not plead facts supporting the requisite elements of liability. *See* Nancy Leong *et al.*, *Pleading Failures in* Monell *Litigation*, 73 Emory L.J. 801, 828 (2024) (finding in a review of sample complaints that it was "the exception" for a complaint "to clearly identify one or more theories of municipal liability and then satisfy all the elements of that theory"). This failure leads to dismissal after dismissal of *Monell* claims. *Cf.* Joanna C. Schwartz, *Municipal Immunity*, 109 Va. L. Rev. 1181, 1207 (2023) (finding *Monell* claims infrequently survived motions to dismiss). If Plaintiffs choose to file an Amended Complaint with a *Monell* claim, they should formulate a theory of municipal liability and ensure they carefully plead *facts* that

---

[5] *But see Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) ("If the plaintiff fails to identify the type of municipal policy at issue, the court would be unable to determine, as required by *Iqbal*'s second step, whether the plaintiff had provided plausible support for her claim."); *cf. Heath v. City of Desert Hot Springs*, 618 F. App'x 882, 885 (9th Cir. 2015) (mem.) ("Because the complaint provides the City with fair notice of her theories and the facts that underlie them and plausibly suggest an entitlement to relief, she has satisfied the minimal pleading requirements to survive a motion to dismiss under Rule 12(b)(6).").

satisfy all the elements of that theory. *See* Leong, *supra*, at 839 ("First, plaintiffs should select appropriate theories; and second, they should plead all the elements of each theory in the claims section of their complaints.").[6]

\* \* \*

At the motion to dismiss stage, the Court assumes that well-pleaded factual allegations are true. The allegations here about the conditions Plaintiffs faced in the St. Louis City Justice Center as pretrial detainees are beyond revolting. Plaintiffs allege they were kept for days in a literal pool of urine, feces, and vomit that continued to accumulate from fifteen people held in a single enclosure meant to hold much fewer. With not enough bunks, Plaintiffs allege that they had to lie and sleep in this sickening mixture of human waste. And they allege that officials passed Plaintiffs' meals through a slot covered in this filth. The Court appreciates the adversarial process on which our system is built, but it outright disturbs the Court that the City would maintain that, as a matter of law, such conditions do not violate the Constitution. *See* Doc. [10] at 11–13; Doc. [15] at 5–7. The Court concludes that Plaintiffs' undoubtedly have alleged a Fourteenth Amendment violation.

That said, Plaintiffs have not put forth facts that plausibly establish that the City—not its employees, but the City itself—is liable under *Monell* for this Fourteenth Amendment violation. Indeed, a review of the Complaint's scattershot legal conclusions

---

[6] *See* 5 Charles A. Wright *et al.*, *Federal Practice and Procedure* § 1219 (4th ed.) (explaining that "a good lawyer will have a particular theory of the case, or at least some theory, in mind when she prepares the complaint" because the Federal Rules of Civil Procedure's "abandonment of the theory of the pleadings concept [wa]s not intended to promote stream-of-consciousness or thoughtless pleading").

shows Plaintiffs do not even have a theory of *Monell* liability in mind. The Court will grant the Motion to Dismiss but provide Plaintiffs forty-five (45) days to file an amended complaint that pleads facts that plausibly show liability against the City itself within the "strict limits" of *Monell*. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that the City of St. Louis's Motion to Dismiss, Doc. [9], is **GRANTED** as discussed herein.

**IT IS FURTHER ORDERED** that Plaintiffs may file an amended complaint consistent with this Memorandum and Order no later than **Monday**, **June 23, 2025**.[7] The City shall have the prescribed time to file its required response. *See* Fed. R. Civ. P. 15(a)(3).

Dated this 9th day of May 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[7] If Plaintiffs do not timely file an amended complaint, the Court will dismiss this action against the City and any unserved Doe Defendants without prejudice. *See* Fed. R. Civ. P. 4(m).